MANUFACTURERS MUTUAL FIRE INSURANCE COMPANY *vs.* WALTER L. CLARKE, City Treasurer.

APRIL 5, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

(*1*)  *Certification of Constitutional Question.*

Under Gen. Laws, 1909, cap. 298, § 1, the trial court is positively commanded to certify to the Supreme Court forthwith, for hearing and determination, any civil action in which the constitutionality of an act of the General Assembly shall be brought in question, and the trial court properly refused to hear testimony in aid of the record after the constitutionality of an act had been brought in question and was ready for certification, which testimony was offered on the ground that the record itself was insufficient to show the unconstitutional discrimination of which the plaintiff complained.

(*2*)  *Constitutional Question. Exceptions.*

Objection taken to the certification of a cause on a constitutional question cannot be properly presented by a bill of exceptions, but such objection, if any there be, should be considered when the constitutional question is heard.

ACTION for recovery of tax. Heard on exception of plaintiff and bill of exceptions dismissed.

VINCENT, J. This is an action for the recovery of a tax paid by the plaintiff, under protest, to Walter L. Clarke, City Treasurer of the city of Providence. The defendant demurred to the original declaration and an amended declaration was filed by the plaintiff on the 22d day of December, 1916. On January 15, 1917, the defendant called to the attention of the court that the constitutionality of an act of the General Assembly had been brought in question upon the record and on the same day the case was certified to this court, under Section 1 of Chapter 298 of the General Laws of 1909, for the determination of such constitutional question.

The question raised by the pleadings and stated by the

16

parties is as follows: " Is the tax assessed by the assessors of the City of Providence against the plaintiff on its intangible personal property on the 15th day of June, 1915, illegal and void for the reason that the legislation, Chapter 784, Section 5, of the Public Laws of 1912, in accordance with which the tax was assessed, is repugnant to and in violation of Article 1, Section 2, of the Constitution of Rhode Island, which requires that the burdens of the State ought to be fairly distributed among its citizens, and Article XIV of the Amendments to the Constitution of the United States which requires that no state shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws, the effect of such legislation being, to relieve stock insurance companies incorporated and doing business in this state from taxation upon their intangible personal property while subjecting mutual insurance companies incorporated and doing business in this state to taxation upon their intangible personal property? "

This statement of the question agreed upon by the parties to the suit is followed by a stipulation.

" I.   The plaintiff is a Mutual Fire Insurance Company, a corporation duly created and organized under the laws of the State of Rhode Island &c, doing business in said State, and the defendant is the City Treasurer of the City of Providence.

" II.   The General Assembly of said State at its January Session, 1912, enacted a statute known as ' Tax Act of 1912 ' being Chapter 769 of the Public Laws; Section 39 Paragraph eleventh of which provided:—

" ' Every insurance company, mutual or otherwise, and every surety company mutual or otherwise, incorporated by this state, shall be liable to taxation on its intangible personal property in the town where the corporation is located.'

" III.  Afterwards at the same Session the said General Assembly by Public Laws, R. I., Chapter 784, Section 5, amended this provision of the statute so as to read as follows:—

" ' Sec. 5.  Paragraph eleventh of Section 39 of the Tax Act of 1912 is hereby amended to read as follows:— 11.  Every mutual insurance company and every mutual surety company incorporated by this state shall be liable to taxation on its intangible personal property in the town where the corporation is located.  Every stock insurance company incorporated by this state which pays a tax upon premiums and assessments under the provisions of Section 35 of this Act shall be exempt from taxation on its intangible personal property in the town or city where such corporation is located.'

" Section 35 referred to in said Amendment provided that:— ' Every mutual insurance company incorporated or doing business in this state shall annually on the first Monday in April pay to the General Treasurer a tax of one per centum, and every other insurance company incorporated and doing business in this state shall annually on the first Monday in April pay to the General Treasurer a tax of two per centum on the premiums and assessments received by such company during the year ending on the thirty-first day of December next preceding (without any deduction for dividends or unearned premiums applied in part payment of such premiums or returned to policy holders in cash or otherwise) on property and upon the lives of individuals insured by such company within the state, and on property and upon the lives of individuals insured by such company in any other state on which such company has not paid and is not liable to pay a tax to such other state: Provided, that such companies issuing the standard form of fire policy prescribed by Chap. 222 of the General Laws may deduct from such premiums and assessments so much

thereof as shall have been returned to the holders of such policies during said year upon cancellations thereof as required by Sec. 5 of said Chapter 222.''

Other paragraphs of the stipulation relate to and set forth the various proceedings, notices, &c., required in the assessment and collection of the tax; the payment of the tax by the plaintiff under protest; and the presentation of its claim within the time required by law, &c., which are not necessary to our present consideration.

With the plaintiff's declaration and the statement of the question with its accompanying stipulation before it, the trial court conceived it to be its duty, under the statute, to forthwith certify the case to this court. By Section 1 of Chapter 298 of our statute the trial court is positively commanded to certify to this court forthwith, for hearing and determination, any civil action in which the constitutionality of an act of the General Assembly shall be brought in question. We think that the trial court, in its certification of the present case, acted in conformity with its plain duty under the statute.

The plaintiff excepted to the action of the trial court, contending that the case was not ripe for certification because no discrimination was necessarily shown by the mere fact, set forth in the declaration, that the plaintiff paid an intangible personal property tax, while the stock fire insurance companies did not; and to show the discrimination, which alone could be the reason for raising the constitutional point, the plaintiff must also be allowed to show that this taxation was not made up to it by an immunity in some other particular; and that especially is this so since the language of Section 35 of the Tax Act of 1912, under which all insurance companies doing business in this State are taxed, on the face of it, imposes upon the plaintiff a tax of only 1% as a premium tax, while it imposes 2% upon the stock fire insurance companies as a premium tax; and further, that on the face of it, this discrimination is in favor of the plaintiff; but

only on the face of it, the policy tax of the plaintiff being in fact anywhere from 50% to 350% larger than that of the stock fire insurance companies which compete with the plaintiff in the same class and character of business; and that the record is not complete on the point of discrimination until the plaintiff has shown this and has been permitted to show it.

In other words, the plaintiff's exception is directed to the refusal of the trial court to hear testimony, in aid of the record, after the constitutionality of an act of the General Assembly has been brought in question and is ready for certification under the statute, on the ground that the record itself is insufficient to show the unconstitutional discrimination of which the plaintiff complains. We do not think that the plaintiff can be permitted to do this.  In *Blais* v. *Franklin,* 30 R. I. 413, this court said: "Whether a constitutional question is properly presented and whether its determination is necessary for the disposition of the case will be proper subjects for consideration at the time of hearing upon any constitutional question before this court. . . . The lower court should not attempt to reform the question sought to be raised, but should take the same position with reference to this question that it takes in regard to other pleadings of the parties, transmitting them to this court, when required, in the same form in which they are filed."

(2)   We do not think that an objection taken to the certification of a cause to this court on a constitutional question can be properly presented by a bill of exceptions, but that such objection, if any there be, should be considered when the constitutional question is heard.

The plaintiff's bill of exceptions is dismissed and the case will stand for hearing upon the constitutional questions.

*Archibald C. Matteson,* for plaintiff.

*Elmer S. Chace, City Solicitor; Charles P. Sisson, Assistant City Solicitor,* for defendant.